Alexander Vitale, J.
The individual defendant and the corporate defendants are charged by indictment with having violated section 489 of the Judiciary Law [2 counts], and of the crime of conspiracy in the fourth degree.
The individual defendant, Milton Berlin, is accused both individually and as an officer of each of the corporate defendants.
Under the first count of the indictment, it is alleged that the defendants purchased a judgment from Abilene Oil Company, Inc., with the intent, and for the purpose of bringing an action and proceeding thereon in violation of the aforesaid .section of the Judiciary Law.
*1035 By the second count, the defendants are similarly charged, but with reference to the judgment purchased from Bonwit Teller Company.
The final count, namely, that of conspiracy, states that the 'specific crime which the defendants overtly attempted to commit was the collection of the judgments referred to in the first and second count, for the purpose of effecting a foreclosure action commenced by Salvo Realty Corporation against a parcel of real property located in Nassau County.
Finally, the indictment alleges that the three counts thereof are connected together and form part of a common scheme and plan.
Turning first to the statute itself, section 489 of the Judiciary Law provides that ‘ ‘ no corporation or association, directly or indirectly, itself or by or through its officers, agents or employees, shall solicit, buy or take an assignment of, or be in any manner interested in buying or taking an assignment of a bond, promissory note, bill of exchange, book debt, or other thing in action, or any claim or demand, with the intent and for the purpose of bringing an action or proceeding thereon ”.
The defendants at a prior time, moved to dismiss this indictment. By order [Gibbons, J.], entered January 6, 1971, it was decided that the indictment was sufficient on its face (65 Misc 2d 245). That decision, however, went on to say that the classification of a judgment as an “ other thing in action,” insofar as ■section 489 is concerned, will only apply when the judgment is purchased for the purpose of instituting an action thereon, under the provisions of CPLR 5014.
The defendants in this case were also party-defendants in a civil suit brought in the Supreme Court of this county by Melvin Rosenkrantz. That action [Index 12022-1970], was brought for damages for violation of section 489 of the Judiciary Law. The allegation was made that the defendants therein, Berlin and Landau Investors Corporation, took an assignment of a judgment for the sole purpose of causing the sheriff to execute on it. On motion of the defendants, the action was dismissed by Mr. Justice Wachtler, by a decision rendered January 17,1971. In that decision, it was stated: “ The section is construed to prohibit, by its wording, the transfer of claims prior to the institution of any proceeding or action * * * All three causes of action which are the subject of this motion deal with lawsuits which have been commenced and the mischief the statute seeks to avoid is non-existent.”
The defendant in this pending indictment, Midas Collections, Inc., was also named as a defendant in a separate and distinct *1036 action brought by the same plaintiff in the Supreme Court of Nassau County [Index #12377-1970]. Justice Mario Pittont granted a motion by Midas Collections, Inc. to dismiss the complaint. The brief decision, states in full as follows: ‘ ‘ Section 489 of the Judiciary Law does not make illegal an assignment of a mortgage which has already been foreclosed by the original holder of the mortgage; nor does it make illegal an assignment of a mortgage and its note then in foreclosure to a corporation intending to continue the foreclosure.”'
The -court has read the testimony produced before the Grand Jury. A reading of it shows that the defendant, Landau, it is alleged, purchased a liquidated and fixed obligation from Abilene Oil Company, and then proceeded to enforce it in a manner specifically provided for by the Civil Practice Law and Rules. As to the judgment originally owned by Bonwit Teller, the testimony produced simply shows a purchase of that fixed and final judgment. There was no testimony produced of any nature which bore upon the intent of the purchaser.
The principal case cited by the People in opposition to this motion to dismiss the indictment is Bennett v. Supreme Enforcement Corp. (275 N. Y. 502). The facts peculiar to that case revealed the defendant to be a wholly owned subsidiary of Gotham Credit Corporation. The latter company ;s-old claims to the defendant. These purchases were made for the sole purpose of bringing lawsuits on the claims. Nowhere in the case note does the court refer to judgments, -and it speaks only of claims. (See, also, Fairchild Hiller Corp. v. McDonnell Douglas Corp., 28 N Y 2d 325.) There, section 489 of the Judiciary Law was construed to -apply only to a “ thing in -action ” which may serve as the vehicle or means for commencing a lawsuit.
The -court holds that the intendment of section 489 of the Judiciary Law is that the section does not apply to a judgment which is purchased solely for the purpose of enforcing the judgment lien, by means of collecting it pursuant to the methods provided by the -statute for the collection of judgments.
The court further finds that the testimony produced before the Grand Jury is insufficient, even if uncontradicted, to prove the defendants’ guilt, beyond a reasonable doubt, of the crimes charged against them in the various counts of the indictment.
While the court does not condone the method alleged to have been employed by the defendant to make collection -of the Abilene Oil Company judgment, the indictment is insufficient to charge a violation of section 489 of the Judiciary Law.
The motion of each-defendant is granted, aiid the indictment is dismissed.